35273.   COLLINS *v.* THE STATE.

GARDNER, P. J.   1. (*a*) The defendant was convicted of assault with intent to murder.  He filed a motion for new trial on the statutory grounds and thereafter added one special ground.  The court denied the motion, and he assigns error on that judgment.

(*b*) As to the general grounds, the jury were authorized to find under the evidence that the defendant cut Henry Hill with a knife, beginning with the hair line and continuing on the side of the victim's head through the tip of the nose, inflicting a deep "gap wound" and clipping off the end of the victim's nose.  Hill was taken to a hospital, where his wound was treated and he stayed under the care of a physician from December 24 to the following March 7, wearing a bandage on the wound.  On March 7, the bandage was removed, but the defendant was required to make several trips to the doctor's office after the bandage was removed.  The jury were authorized to find that the defendant made the assault, inflicting the wound on Hill without any provocation and under circumstances which showed an abandoned and malignant heart.  There had been no previous difficulty between the defendant and Hill, and the jury were authorized to find that the only words that Hill spoke to the defendant and the only thing that Hill did was to inquire of the defendant how the defendant's brother was getting along, the brother having been in a car wreck, whereupon the defendant asked what Hill had to do with it, and stated that he would kill Hill, and immediately thereafter the defendant inflicted the wound.  The jury were authorized to find under the ample evidence on the question that the weapon used by the defendant in the manner in which it was used constituted a deadly weapon.  The jury were also authorized to find that the defendant endeavored to kill Hill because, according to the defendant's own words, he stated that he would kill Hill.  These questions are so elementary that it seems useless to cite authorities in support of them.  In such a case, of course the burden is upon the

State to prove all the elements of murder except that death ensued. The jury were authorized to find that the State did so in this case.

(c) The one special ground assigns error because the court failed to charge the law of voluntary manslaughter as applied to mutual combat. There was no evidence to authorize such a charge, and under the record we are convinced that, had the court done so and had the defendant been convicted of voluntary manslaughter, and had complaint been made of such charge, the charge would have been reversible error. The court did charge the law of stabbing and did charge the law of assault and battery. Whatever evidence there was representing even a fist fight or a scuffle was after the defendant had cut Hill.

The court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 20, 1954.

*D. D. Veal,* for plaintiff in error.

*Geo. D. Lawrence, Solicitor-General,* contra.